UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                      |     |                                 |
| ------------------------------------ | --- | ------------------------------- |
|                                      | )   |                                 |
| VALERIE JOHNSON-PARKS,               | )   |                                 |
|                                      | )   |                                 |
|     Plaintiff,   | )   |                                 |
|                                      | )   |                                 |
|     v.           | )   | Civil Action No. 09-1492 (RLW)  |
|                                      | )   |                                 |
| D.C. CHARTERED HEALTH PLAN,          | )   |                                 |
|                                      | )   |                                 |
|     Defendant.   | )   |                                 |
|                                      | )   |                                 |

## MEMORANDUM OPINION AND ORDER

When Plaintiff commenced this case, it was assigned to the Honorable Rosemary M. Collyer. *See* Compl. at 1, ECF No. 1. However, on January 19, 2011, this case was reassigned to the undersigned. Subsequently, Plaintiff moved for reconsideration of Judge Collyer's partial dismissal of the case. *See* Pl.'s Mot. for Reconsideration of Dismissal of Retaliation Claim, ECF No. 27.

The undersigned is loath to reconsider the ruling of his colleague. *See, e g.*, *Fujisawa Pharm. Co., Ltd. v. Kapoor*, 115 F.3d 1332, 1339 (7th Cir. 1997) ("The doctrine of law of the case requires the second judge in a case in which there has been a reassignment to abide by the rulings of the first judge unless some new development, such as a new appellate decision, convinces him that his predecessor's ruling was incorrect."). The Local Civil Rules of this District Court permit a judge to "transfer directly all *or part* of any case on the judge's docket to any consenting judge." D.D.C. LCvR 40.6(a) (emphasis added). Therefore, having received the consent of Judge Collyer, the undersigned will transfer to her the motion for reconsideration. The Local Civil Rules also provide that such transfer may only be made "upon written advice to

the Calendar and Case Management Committee." *Id.* Such advice will be provided by the Clerk of the Court.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration of Dismissal of Retaliation Claim, ECF No. 27, is **TRANSFERRED** to the Honorable Rosemary M. Collyer; and it is

**FURTHER ORDERED** that the Clerk of the Court shall advise the Calendar and Case Management Committee of this transfer.

**SO ORDERED** this 24th day of August, 2011.

/s/
ROBERT L. WIKLINS
United States District Judge